(No. 35559.—)

THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS,
Appellee, *vs.* CLARENCE H. DUST *et al.,* Appellants.

*Opinion filed March 31, 1960.*

FRED P. SCHUMAN, of Granite City, and RALPH F. CURRY, of St. Louis, Missouri, for appellants.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, (WILLIAM C. WINES and THEODORE G. MAHERAS, Assistant Attorneys General, of counsel,) for appellee.

Mr. CHIEF JUSTICE HOUSE delivered the opinion of the court:

The Department of Public Works and Buildings filed an eminent domain petition in the circuit court of Effingham County to acquire 18.39 acres of respondents' land for the purpose of constructing an interchange between Federal Aid Interstate Route 7 and Federal Aid Route 12. Thereafter, a motion for immediate vesting of title was filed pursuant to the "quick-taking" provisions of the Eminent Domain Act. (Ill. Rev. Stat., 1957, chap. 47, pars. 1 *et seq.*) Respondents then filed a cross petition requesting the court to consider the matter of damages to property not taken. On April 10, 1959, after a hearing an order was entered finding that immediate vesting of title was necessary and fixing the preliminary valuation of the property taken at $22,300. Respondents' appeal comes to this court under the terms of section 12 of the Eminent Domain Act.

There appears to be considerable confusion with respect to the procedure to be followed under the quick-taking provisions of the Eminent Domain Act. (Ill. Rev. Stat. 1957, chap. 47, par. 1 *et seq.*) Actually, it is a proceeding within a proceeding, and its primary purpose is to place possession and title in the State prior to a final determination of just compensation while protecting the interest of landowners.

Section 2.1 of the act provides for the filing of a motion for quick-taking at any time after the filing of the condemnation petition and before judgment thereon. It specifies what shall be contained in the motion. Section 2.2 deals with the procedure to be followed after this motion has been filed. The first paragraph (par. 2.2(a)) provides for an early hearing on the motion and the notice that must be given.

The second paragraph (par. 2.2(b)) deals with the issues the court must determine before hearing any evidence on the issues raised by the motion for quick-taking. These issues are: (1) whether the petitioner has the authority to exercise the right of eminent domain; (2) whether the property sought to be taken is subject to the exercise of such right; and (3) whether the right is being properly exercised. It should be noted that a finding on each of these three issues amounts to a determination of whether or not the petitioner has the right to take the property by eminent domain. See *City of Chicago* v. *Vaccarro,* 408 Ill. 587; I.L.P. Eminent Domain, sec. 18.

A determination of the petitioner's right to take the property described in its petition is a part of every eminent domain case. If, however, a motion has not been filed under section 2.1 a determination of this issue does not constitute a final and appealable order. *Chicago Land Clearance Commission* v. *White,* 411 Ill. 310.

It is common knowledge that a large portion of the time consumed in an eminent domain case is devoted to the issue of just compensation and that most appeals are devoted to this issue. And yet, once it has been determined that the petitioner has the right to take the property described in the petition, the only factor delaying the passing of title and possession is a final determination of compensation and its payment. The legislature, recognizing that the time element is often an extremely important factor in eminent domain cases and that many cases take a year or

more before a final determination of compensation is made, enacted the quick-taking provisions to expedite the taking and yet afford protection to the respondent.

When a motion is filed under section 2.1, the court is to set an early hearing (par. 2.2(a)). The court is then to determine and order whether or not the petitioner may take the property (par. 2.2(b)). This order is final and appealable as soon as it is entered and remains appealable for 30 days thereafter unless the court on good cause shown shall extend the time for taking such appeal (par. 2.2(b)). The court should then proceed to hear the issues raised by the motion for quick-taking unless the petitioner has appealed or the court orders a stay of further proceedings. Par. 2.2(b) and (c).

In the case before us the court made a verbal finding that petitioner had the right to take the property and proceeded without pause to a hearing upon the issues raised by the motion. Later the same day, at the conclusion of the hearing upon the question of necessity for the use of quick-taking and the fixing of preliminary just compensation, a written order was entered finding that the preliminary requirements of section 2.2(b) had been met, in addition to the findings of reasonable necessity and for preliminary compensation. In our opinion the statute contemplates a written order finding that the three requirements set out in section 2.2(b) have been established, since it specifically provides such order to be final and appealable. We do not regard as material the failure of the court to enter a formal order immediately following the finding that the requirements of section 2.2(b) had been met since a formal order containing that finding was entered the same day. This finding of petitioner's right to take the property is the only portion of the order which became final and appealable and the rest of the order is surplusage insofar as the appeal is concerned.

Respondents first contend that the court failed to hear and determine the requirements of section 2.2(b). They properly point out that allegations of the petition to which they do not plead are not admitted as in other types of cases, and the burden is upon petitioners. However, the court recognized that it was to make a finding on each of the three requirements contained in the statute and on its own initiative conducted an examination of petitioner's witness. The trial court properly took judicial notice that the Department has been given the authority to exercise the right of eminent domain by statute, which satisfied the first requirement. The testimony of petitioner's witness and the pleadings establish that the property was privately owned, vacant, was to be put to a public use, and that the right of eminent domain was not being improperly exercised. The questions and answers were general, but we feel that under the circumstances the evidence was sufficient to support the court's finding that the three requirements had been met. The respondents were represented by able counsel who did not question any of the general statements of the petitioner's witness or cross-examine him on this line of direct examination. We are of the opinion that the requirements set out in section 2.2(b) were adequately established by the testimony of the petitioner's witness in connection with the printed "Proposed Improvement Program for the Primary Highway System of Illinois for the year 1959," which was attached as an exhibit to the petition.

Respondents next contend that the order entered under section 2.2(b) does not become final and appealable until 30 days after its entry and that the court is without jurisdiction to try the issue of preliminary just compensation during this 30-day period. As we have pointed out, section 2.2(b) provides that the order is final and appealable within 30 days but not thereafter unless the trial court, on

good cause shown, shall extend the time for taking such appeal. This provision as to finality and appealability is controlling. See Ill. Rev. Stat. 1957, chap. 110, par. 1.

Respondents contend that their motion to vacate suspended the order. The legislative intent is clear that the order entered under paragraph 2.2(b) be immediately final and appealable. Section 2 of the act in relation to final judgments (Ill. Rev. Stat. 1957, chap. 77, par. 83), which provides for vacation or modification of a judgment within 30 days from the date of its rendition, has no application here since section 2.2(b) is special in scope.

Respondents also argue that their motion for a stay of proceedings suspends the order. The stay order referred to in paragraphs 2.2(b) and (c) does not stay the effect of the order under paragraph 2.2(b), but stays the hearing on the issues raised by the motion for quick-taking. Section 2.2(b) provides that appeal shall not stay further proceedings unless the appeal is taken by the petitioner or a stay order is entered by the trial court or the court to which such appeal is taken. In this case there was no appeal by the petitioner and no stay order was entered, therefore, the trial court properly proceeded to hear the issues raised by the motion for quick-taking.

Respondents further contend that the trial court erred in that it failed to hear and determine that a reasonable necessity existed for the immediate vesting of title; that they were denied a right to present evidence of damages to property not taken, and that other of their constitutional rights have been violated by the court's determination that a reasonable necessity existed for the taking of the property and its preliminary finding of just compensation. These issues are not properly before the court. Under section 2.2(b) the court is to determine whether the petitioner may take the property. As we have pointed out, this order is final and appealable. Under section 2.2(c) the court is to find whether a reasonable necessity exists for

the taking prior to a final finding of just compensation and the amount of such just compensation. These findings are interlocutory and not appealable.

The order of the circuit court of Effingham County is affirmed.

*Order affirmed.*