THE DEPARTMENT OF TRANSPORTATION, Plaintiff-Appellee, *v.* WESTON ROODHOUSE *et al.*, Defendants-Appellants.

Fourth District   No. 17041

Opinion filed March 16, 1982.

Charles E. Theivagt, of Gustine & Theivagt, Ltd., of Carrollton, for appellants.

Tyrone C. Fahner, Attorney General, of Springfield (Roy Frazier and D. A. McGrady, Assistant Attorneys General, of counsel), for appellee.

JUSTICE LONDRIGAN delivered the opinion of the court:

The Department of Public Works and Buildings, predecessor to the Department of Transportation, condemned 9.66 acres of farmland owned by the defendants. A quick-take followed. The defendants appeal the judgment awarding compensation of $17,245, but because their incorrect post-trial motion practice has deprived this court of jurisdiction, we dismiss the appeal.

The defendants lost their time to appeal by filing successive post-trial motions attacking first the judgment and then the denial of their earlier motion. In *Sears v. Sears* (1981), 85 Ill. 2d 253, 422 N.E.2d 610, the supreme court held that filing successive post-trial motions does not extend a party's time to appeal.

In this case the jury returned its verdict and the trial court entered judgment on it September 22, 1978. The defendants filed their first post-trial motion October 19, 1978; this was timely (Ill. Rev. Stat. 1979, ch. 110, par. 68.1(3)). The trial court denied the motion May 30, 1980—the lengthy gap between the date of filing and the date of ruling is attributable to a series of continuances and delays. The defendants' second post-trial motion, filed June 25, 1980, was one to reconsider the denial of their first. In a docket order entered two days later, the trial judge "temporarily" set

aside the denial of the first motion. A written order denying the motion to reconsider was filed February 5, 1981. The defendants filed their notice of appeal March 4, 1981.

■■ To perfect their appeal the defendants had to file the notice of appeal within 30 days of the denial of their first post-trial motion (73 Ill. 2d R. 303(a)); the motion to reconsider did not extend this time limit. In *Sears* the supreme court said that "[a] second post-judgment motion (at least if filed more than 30 days after judgment) is not authorized by either the Civil Practice Act or the rules of this court and must be denied. (*Deckard* [*v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900].)" (85 Ill. 2d 253, 259, 422 N.E.2d 610, 612.) *Sears* "reaffirm[s] the rule of *Deckard* that successive post-judgment motions are impermissible when the second motion is filed more than 30 days after the judgment or any extension of time allowed for the filing of the post-judgment motion." (85 Ill. 2d 253, 259, 422 N.E.2d 610, 613.) This rule applies to post-judgment motions made under sections 50(5) (defaults), 68.1 (jury trials), and 68.3 (bench trials) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, pars. 50(5), 68.1, 68.3).

To avoid the effect of this rule the defendants make several arguments. First, they point out that the order denying their motion to reconsider was drafted by the Department and proclaimed itself final and appealable. Under *Sears*, however, the trial court had lost jurisdiction over the case by that time. The Department did not waive the question of the court's jurisdiction, for the question was raised in its motion to dismiss the defendant's motion to reconsider. Furthermore, the Department's participation in those proceedings did not revest the trial court with jurisdiction, for the Department was not pretending to retry the case. *Sears v. Sears* (1981), 85 Ill. 2d 253, 260, 422 N.E.2d 610, 613.

■■ In a related argument, the defendants say that the Department's motion to dismiss the motion to reconsider was not argued or decided and merely accompanied the brief in opposition. Even if that constitutes waiver this court must inquire into its own jurisdiction.

■■ The defendants next argue that the trial court had the inherent power to vacate its final judgment within 30 days of entry, regardless of whether the denial of their first post-trial motion is considered a final judgment. A trial court does have that power, but the denial of a post-trial motion cannot be a final judgment in that sense, for "[a]n order denying a post-judgment motion is not itself a judgment, as that word is used in article VI, §6, of the 1970 Constitution or in Supreme Court Rule 303 (73 Ill. 2d R. 303), and is not an appealable order." (*Sears v. Sears* (1981), 85 Ill. 2d 253, 258, 422 N.E.2d 610, 612.) The defendants are suggesting that the trial court had the authority to do exactly what *Sears* prohibits: extend its jurisdiction by granting relief from post-trial rulings.

One point not raised by the defendants but that requires discussion

here is whether the trial court's judgment of September 22, 1978, disposed of all the issues in the case and was therefore final and appealable; only later did the Department recover the difference between the amount that it had deposited for the quick-take and the amount of compensation determined by the jury. In the summer of 1971 the Department deposited with the treasurer of Greene County the amount of preliminary compensation ordered by the court, $29,350, plus 25% of that amount, or $7,337.50, as then required in quick-take condemnations (Ill. Rev. Stat. 1969, ch. 47, par. 2.3(a)). On June 27, 1972, the defendants were permitted to withdraw from the county treasury $29,500 as compensation rather than $29,350; the reason for this overpayment of $150 is not explained in the record. The requirement that the condemnor deposit an additional 25% of the preliminarily determined amount of compensation was later removed from the statute (Ill. Rev. Stat. 1973, ch. 47, par. 2.3), and on January 8, 1980, the trial court ordered the treasurer to refund the Department the amount remaining in the pool, $7,187.50. In its order of February 5, 1981, denying the motion to reconsider, the court ordered the defendants to refund the difference between the amount of compensation determined at trial and the total that they had withdrawn—in this fashion the Department recovered the mysterious $150 overpayment. The refund was authorized by section 2.7 of the Eminent Domain Act (Ill. Rev. Stat. 1979, ch. 47, par. 2.7).

Although the entry of judgment on the jury's verdict did not return to the Department the amounts owed to it by the county treasurer and the defendants, a review of the statutes and the case law discloses that the judgment was not any less final and appealable for failing to settle the accounts. Section 2.7 of the Eminent Domain Act provides:

"If the amount withdrawn from deposit by any interested party under the provision of Section 2.4 of this Act exceeds the amount finally adjudged to be just compensation (or damages, costs, expenses, and attorney fees) due to such party, the court shall order such party to refund such excess to the clerk of the court, and if refund is not made within a reasonable time fixed by the court, shall enter judgment for such excess in favor of the petitioner and against such party."

Quick-take "is a proceeding within a proceeding" (*Department of Public Works & Buildings v. Dust* (1960), 19 Ill. 2d 217, 218, 166 N.E.2d 36, 38); after filing a petition for condemnation the condemnor may move for a quick-take to gain early title to and use of the property. After the court has determined that the condemnor has the authority to expropriate the property—this determination is final and appealable—it must decide on a preliminary amount of compensation. The preliminary award is interlocutory rather than final and appealable. *Dust.*

In *Department of Business & Economic Development v. Brummel* (1972), 52 Ill. 2d 538, 542-43, 288 N.E.2d 392, 395, the supreme court said:

"The preliminary finding of just compensation by the court under section 2.2(c) of the Eminent Domain Act in no way affects the subsequent determination by the jury, and indeed under the statute may not be disclosed in any manner to the jury. It is an interlocutory determination and is not appealable. [*Dust.*] It is a procedure designed by the legislature to provide the owner with adequate assurance of the full payment of just compensation and to meet the constitutional objections to the immediate vesting of title without providing for payment in full of just compensation. [Citations.] Furthermore, if the landowner withdraws from the clerk's office *the amount of the preliminary determination of just compensation,* and this amount is in excess of the ultimate award of the jury, the excess amount withdrawn must be refunded by the landowner. (Pars. 2.4 and 2.7.)"

■■ *Dust, Brummel,* and the statute show that the order directing the condemnee to return the excess compensation is purely ministerial. The landowner is given a preliminary sum as an advance on the compensation ultimately awarded; the preliminary award is interlocutory and anticipates a final decision regarding compensation. That the defendants here had to return a portion of that advance was implicit in the entry of judgment. The judgment of September 22, 1978, was not any less final and appealable for not stating that explicitly.

We need not decide whether the removal of the 25% surcharge on preliminary awards applied to pending condemnation actions, for the Department was entitled to its refund from the county treasurer when the amount of compensation was finally determined.

■■ In the alternative, the defendants' claims of error are meritless. The defendants argue that the Department's attorney made improper remarks during closing arguments and that the trial court should have entertained and granted their motion to dismiss and traverse the petition for condemnation.

The defendants did not timely object to the Department's closing and rebuttal arguments, and the objections must therefore be considered waived unless the remarks were so prejudicial that they deprived the defendants of a fair trial (*City of Quincy v. E. Best Plumbing and Heating Supply Co.* (1959), 17 Ill. 2d 570, 162 N.E.2d 373). We conclude that the arguments were proper; if any error occurred, it was harmless.

■■ The defendants' motion to dismiss and traverse, filed seven years after the Department took title to the land, came too late. The motion raises points that were settled during the summer of 1971 when the trial court made its finding under section 2.2(b) of the Eminent Domain Act

(Ill. Rev. Stat. 1979, ch. 47, par. 2.2(b)) and should have been filed at that stage of the proceedings (see *Department of Public Works and Buildings v. Neace* (1973), 13 Ill. App. 3d 982, 301 N.E.2d 509).

Appeal dismissed.

GREEN, P. J., and WEBBER, J., concur.