THE ILLINOIS STATE TOLL HIGHWAY AUTHORITY, Plaintiff-Appellee, v. HERITAGE STANDARD BANK AND TRUST COMPANY, Trustee, Defendant-Appellant (Gallagher and Henry, Inc., Defendant).

Second District   No. 2—91—0165

Opinion filed February 20, 1992.—Rehearing denied April 3, 1992.

McLAREN, J., dissenting.

Leo N. Cinquino, of Righeimer, Martin & Cinquino, P.C., of Chicago, and S. Louis Rathje, of Rathje, Woodward, Dyer & Burt, of Wheaton (Sandra L. Hebenstreit, of counsel), for appellant.

Roland W. Burris, Attorney General, of Springfield, and David W. Krula, of Helm & Day, of Naperville (Malcolm E. Erickson, Special Assistant Attorney General, of Oak Brook, and Stephen D. Helm, of counsel), for appellee.

JUSTICE DUNN delivered the opinion of the court:

This action arises from an eminent domain proceeding. Plaintiff, the Illinois State Toll Highway Authority, acquired property owned by the defendant through a quick-take proceeding. The amount of preliminary compensation exceeded the amount of final compensation awarded to the defendant. Defendant, Heritage Standard Bank, now appeals from the trial court order requiring defendant to pay interest on the amount of preliminary compensation in excess of the amount of final compensation.

On August 18, 1987, the plaintiff filed an eminent domain action by which it sought to acquire a parcel of land owned by the defendant in Woodridge, Illinois. The plaintiff sought acquisition by quick-take. On August 19, 1987, the plaintiff filed a motion for immediate vesting of title. By agreement of the parties, an order was entered by the trial court awarding preliminary compensation in the amount of

$1,164,000 on August 26, 1987. On that same date, an order vesting title after quick-take was entered in addition to an order allowing the defendant to withdraw the preliminary compensation.

On February 3, 1989, judgment was entered on the jury verdict for final just compensation in the amount of $805,000, which was $359,000 less than the award of preliminary compensation. On February 10, 1989, a final judgment order was entered by the trial court awarding final just compensation and ordering the defendant to refund the excess preliminary compensation by April 14, 1989. The defendant appealed. On June 29, 1989, during the course of the appeal, the plaintiff filed its motion for refund, requesting entry of an order requiring the immediate refund of the $359,000 excess plus interest at 9% from February 3, 1989. The court entered an order on September 7, 1989, *nunc pro tunc* to August 24, 1989, denying plaintiff's motion as premature pending defendant's appeal. This court affirmed the judgment of the trial court on appeal in *Illinois State Toll Highway Authority v. Heritage Standard Bank & Trust Co.* (1990), 196 Ill. App. 3d 5, the first and prior appeal of this case. Our mandate was received by the trial court on November 26, 1990.

On December 21, 1990, the plaintiff filed an amended motion for refund of the excess preliminary compensation claiming it was entitled to interest on the excess from February 3, 1989. A hearing on the motion was held on January 9, 1990, during which plaintiff requested that the court order interest on the excess, not from February 3, 1989, as originally requested in plaintiff's motion, but from April 14, 1989, the date for refund fixed by the court's order entered February 10, 1989. On that same date, the court granted the plaintiff's amended motion for refund and ordered the defendant to pay the excess preliminary compensation to the plaintiff in the principal amount of $359,000, plus interest at 9% from April 14, 1989, on or before January 28, 1991.

The defendant deposited the principal sum of $359,000 with the clerk of the circuit court on February 12, 1991. The defendant timely appeals, contesting the plaintiff's right to receive interest.

At issue in this case is whether section 7—109 of the Eminent Domain Act (Act) (Ill. Rev. Stat. 1989, ch. 110, par. 7—109) requires a judgment to be entered by the trial court for any excess preliminary compensation, in addition to the order entered for refund, before interest may be awarded on that amount. We conclude that it does.

■■ Interest is not recoverable in the State of Illinois unless contracted for or authorized by statute. (See *Department of Transportation v. New Century Engineering & Development Corp.* (1983), 97 Ill.

2d 343; *Lakefront Realty Corp. v. Lorenz* (1960), 19 Ill. 2d 415.) The only portion of the Eminent Domain Act providing for the payment of interest is found in section 7—108 requiring the plaintiff to pay interest on any excess compensation finally adjudged over the amount of preliminary compensation found by the court to be just. (Ill. Rev. Stat. 1989, ch. 110, par. 7—108.) The portion of the Act concerning the refund of excess compensation does not provide for interest on any amount by which the preliminary compensation exceeds the final compensation. It states:

> "If the amount withdrawn from deposit by any interested party *** exceeds the amount finally adjudged to be just compensation (or damages, costs, expenses, and attorney fees) due to such party, the court shall order such party to refund such excess to the clerk of the court, and if refund is not made within a reasonable time fixed by the court, shall enter judgment for such excess in favor of the plaintiff and against such party." Ill. Rev. Stat. 1989, ch. 110, par. 7—109.

However, in *Department of Transportation v. New Century Engineering Corp.* (97 Ill. 2d 343), our supreme court held that interest could be awarded on the amount by which the preliminary compensation exceeds final compensation under section 3 of the Interest Act (now codified under Ill. Rev. Stat. 1989, ch. 110, par. 2—1303), which provides that "[j]udgments recovered in any court shall draw interest *** from the date of the judgment until satisfied."

In *New Century*, the Department of Transportation acquired by quick-take a tract of land owned by New Century Engineering and Development Corporation. James Talcott, Inc., was joined as a defendant as mortgagee of the property. (97 Ill. 2d at 344.) The court awarded $325,000 as preliminary just compensation. The court entered an order on May 8, 1981, adjudging final compensation for the taking of that property to be $171,535, which was $153,000 less than the amount fixed as preliminary just compensation. New Century had withdrawn $137,500 and Talcott had withdrawn $187,500. 97 Ill. 2d at 345.

The orders entered by the trial court in *New Century* have been made a part of the supplemental record on appeal. They disclose that on June 17, 1981, the court found the defendants jointly and severally liable for the payment of the $153,465 excess and ordered the refund of that amount within seven days. In addition, the court stated that if that amount was not refunded within seven days, judgment would be entered in favor of the plaintiff and against the defendants. On June 25, 1981, after the defendants failed to refund the excess compensa-

tion within seven days, the court entered a judgment against the defendants jointly and severally in the amount of $137,500 and against James Talcott, Inc., in the amount of $15,965. The trial court denied the plaintiff's request for interest on the excess, and the appellate court affirmed that denial. (97 Ill. 2d at 346.) The supreme court reversed the denial of interest, finding:

> "Although the eminent domain law does not specifically provide for interest in this situation, section 3 of the Interest Act [citation] provided that '[j]udgments recovered before any court shall draw interest *** from the date of the judgment until satisfied ***.' We therefore hold the Department is entitled to interest at the legal rate provided by statute *** from June 25, 1981, the date of judgment, until the date of payment." 97 Ill. 2d at 353.

Plaintiff in this case argues that interest should be awarded from April 14, 1989, until the judgment was paid. However, to award interest in this manner would require this court to ignore the express terms of section 7—109 of the eminent domain law. (Ill. Rev. Stat. 1989, ch. 110, par. 7—109.) That section provides that the court shall order the defendant to refund the excess compensation to the clerk, and if the refund is not made within a reasonable time fixed by the court, the court shall enter judgment for the excess in favor of the plaintiff. (Ill. Rev. Stat. 1989, ch. 110, par. 7—109.) No judgment was entered in this cause until January 9, 1990.

A primary rule of statutory construction requires that the intention of the legislature should be ascertained and given effect. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151; *City of Springfield v. Board of Election Commissioners* (1985), 105 Ill. 2d 336, 340-41.) Courts should look first to the statutory language as the best indication of the intent of the drafters. (*County of Du Page*, 109 Ill. 2d at 151; *People v. Boykin* (1983), 94 Ill. 2d 138, 141.) Where that language is unambiguous, a court must enforce the law as enacted without considering other aids. *County of Du Page*, 109 Ill. 2d at 151; *People v. Singleton* (1984), 103 Ill. 2d 339, 341.

■ The language of section 7—109 is clear. The court must first order the defendant to refund the excess compensation. If that refund is not made within the reasonable time fixed by the court, the court may then enter judgment against the defendant. No rule of construction authorizes a court to declare that the legislature did not intend what the plain language of the statute imports. (*People ex rel. Scott v. Schwulst Building Center, Inc.* (1982), 89 Ill. 2d 365, 371.) According

to the plain meaning of the statute, no judgment exists until the court enters a judgment after the failure of the defendant to refund the excess within a reasonable time fixed by the court. Therefore, interest cannot be awarded until that judgment is entered.

The order directing the defendant to return the excess compensation is purely ministerial because the order awarding preliminary compensation required the defendant to return the difference in the event the amount of final compensation was less than the amount of preliminary compensation. (See *Department of Transportation v. Roodhouse* (1982), 104 Ill. App. 3d 880, 884.) The trial court's order dated August 26, 1987, stated, "In the event final compensation should be less than preliminary compensation, the owner shall be responsible to return the difference." Our mandate regarding the appeal of the amount of final compensation reached the trial court on November 26, 1990. The plaintiff filed an amended motion for refund on December 21, 1990. On January 9, 1991, the trial court ordered the defendant to pay the excess preliminary compensation plus interest at 9% from April 14, 1989, on or before January 28, 1991. The portion of the trial court's order requiring the defendant to pay interest from April 14, 1989, was in error.

Under section 7—109, a trial court shall enter a judgment against the defendant only after the expiration of a reasonable time period fixed by the court. No award of interest can be made until a judgment is entered after the expiration of that time. In the present case, the trial court originally ordered the defendant to pay the refund by April 14, 1989. However, the trial court did not enter judgment until January 9, 1991. No interest could be awarded until that judgment was entered. (The propriety of the trial court's denial of plaintiff's motion for refund as premature during the pendency of the defendant's first appeal has not been raised or argued in this appeal; therefore, this issue is waived for the purposes of this appeal (see 134 Ill. 2d R. 341(e)(7)).

In the case before us, the plaintiff argues that *New Century* does not require a separate judgment to be entered against the defendant before interest may be awarded. Instead, it argues that once the court orders the defendant to refund the excess compensation within a certain time period, after the expiration of that time period, interest begins to accrue against the defendant from that date until the refund is paid. However, the plaintiff has misinterpreted the *New Century* decision.

The language contained in the series of orders issued by the trial court in *New Century* clearly tracks the procedure set forth in section

7—109. The first order issued May 8, 1981, awarded final compensation. The second order, entered June 17, 1981, ordered the defendants to refund the excess preliminary compensation within seven days and stated that if the refund was not made as directed, the court would enter a judgment in favor of the plaintiff. On June 25, 1981, after the expiration of the time period fixed by the court, the court entered judgment in favor of the plaintiff and against the defendants. Our supreme court held that interest could be awarded under the Interest Act from "June 25, 1981, the date of *judgment,* until the date of payment." (Emphasis added.) *New Century,* 97 Ill. 2d at 353.

The supreme court did not directly address the issue of whether an additional judgment was necessary because the trial court had clearly followed the procedure set forth in section 7—109. However, it is implicit in the court's decision that a judgment must be entered under section 7—109 before interest may be awarded. No judgment was entered in this case until January 9, 1991. In accordance with *New Century,* interest may be awarded from the date of judgment on January 9, 1991, until the judgment was paid on February 12, 1991.

Accordingly, the judgment of the trial court entered on January 9, 1991, is affirmed, but the portion of the judgment requiring the defendant to pay interest on the $359,000 excess at 9% from April 14, 1989, on is vacated, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part; vacated in part and remanded.

NICKELS, J., concurs.

JUSTICE McLAREN, dissenting:
I respectfully dissent as I believe the trial court's order should be affirmed in its entirety.

First, I disagree with the majority's determination of waiver due to plaintiff's failure to raise directly the propriety of the trial court's denial of plaintiff's initial motion for refund. The plaintiff need not have directly raised this issue as the plaintiff subsequently prevailed when the trial court granted interest *nunc pro tunc.* Furthermore, I believe the plaintiff raised the issue of the correctness of the court's granting interest *nunc pro tunc* in the second and third points of plaintiff's brief regarding "absurd and unjust consequences" and "equity is not on the side of Defendants."

Second, the order granting interest *nunc pro tunc* was correct. The order of refund granting interest is a ministerial order. (*Depart-*

*ment of Transportation v. Roodhouse* (1982), 104 Ill. App. 3d 880, 884.) As such, the trial court ought to have entered the judgment initially under the facts in this case. In granting interest *nunc pro tunc* the trial court was guided by the equitable maxim "that equity considers that as done which ought to be done." (*Ward v. Sampson* (1946), 395 Ill. 353, 366-67; see also *Cesena v. Du Page County* (1991), 145 Ill. 2d 32, 38.) Additionally, "equity has jurisdiction to correct the mistake of a county ministerial officer." (*Cesena*, 145 Ill. 2d at 38.) *Cesena* when read in the context of this case would determine that the trial judge was a ministerial officer as to the entry of the order of refund.

As the majority states, the original order in issue was ministerial. It should have been entered but was not. Upon revestment or reconsideration, the trial court did that "which ought to have been done" initially. The trial court corrected its initial error, and the subsequent judgment should be affirmed in its entirety.