**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240041-U

Order filed December 13, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| U.S. BANK TRUST NATIONAL ASSOCIATION, not in its Individual Capacity but solely as Delaware Trustee, and U.S. BANK NATIONAL ASSOCIATION, not in its Individual Capacity but solely as Co-Trustee for Government Loan Securitization Trust 2011-FV1, | ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-24-0041 Circuit No. 13-CH-2883 |
| ROSEMARY COOK, CYNTHIA LOGAN, a/k/a CYNTHIA D. LOGAN, DELSHAWN E. LOGAN, CATALYST INTERVENTIONS, LLC, UNKNOWN OWNERS AND NONRECORD CLAIMANTS, | ) ) ) ) ) ) | |
| Defendants | ) ) | Honorable Theodore Jarz |
| (Cynthia D. Logan, Defendant-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justices Brennan and Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: (1) Section 2-1401 ruling is beyond the court's jurisdiction due to untimeliness. (2) Rule 305(k), which protects third-party purchasers' rights, is constitutional. (3) Appellant's failure to secure a stay under Rule 305(k) moots any issue that may adversely affect the third-party purchaser's interest in the foreclosed property. (4) Postjudgment interest did not accrue while the mortgagee's voluntary dismissal order—later vacated—rendered the foreclosure judgment inoperative. Dismissed in part; cause remanded for a recalculation of the personal deficiency judgment.

¶ 2    The circuit court granted a foreclosure judgment in favor of plaintiff, U.S. Bank National Association (U.S. Bank), and the foreclosed property was sold at auction. U.S. Bank moved for an order approving the sale, an eviction order, and a $156,360.24 personal deficiency judgment against defendant Cynthia Logan. The circuit court granted U.S. Bank's motions in full. On appeal, Logan argues U.S. Bank engaged in inequitable conduct throughout the case, warranting the vacatur of all orders entered in its favor. Alternatively, she urges this court to reduce the "highly inflated" personal deficiency judgment, arguing it includes interest during a period in which interest could not accrue. For the reasons that follow, we dismiss the appeal in part and remand for a recalculation of the deficiency judgment.

¶ 3                                    I. BACKGROUND

¶ 4    In December 1998, Logan and a co-borrower executed a mortgage contract secured by residential property in Bolingbrook. In September 2013, U.S. Bank filed a complaint against Logan, her co-borrower, and others, seeking to foreclose on the property. The complaint alleged Logan defaulted on her mortgage payments and owed $197,243.98 in unpaid principal and interest at a rate of $29 *per diem*. Logan filed an affirmative defense and a multi-count counterclaim. U.S. Bank moved to dismiss the counterclaim and to summarily dispose of the affirmative defense. The court largely granted U.S. Bank's motion, striking the affirmative defense and allowing only one of the counterclaim's counts to proceed. In October 2017, U.S. Bank moved for summary judgment, order of default, and judgment of foreclosure and sale.

¶ 5    On January 30, 2018, the circuit court granted U.S. Bank's motions, entering summary judgment in favor of U.S. Bank, an order of default against Logan, and a foreclosure judgment listing a $288,658.36 debt. In April 2018, Logan moved to stay the foreclosure sale, which the court granted. The court also entered a finding under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that no just reason exists to delay enforcement or appeal. In May 2018, Logan appealed the January 30, 2018, judgments.

¶ 6    In June 2018, the subject property was sold at auction, and U.S. Bank moved for an order approving the sale. The court found the bank's motion moot because of Logan's timely appeal. Accordingly, it vacated the judicial sale and ordered the return of the sale funds.

¶ 7    On March 27, 2019, while the case was pending in the appellate court, U.S. Bank filed a motion to vacate the January 30, 2018, foreclosure judgment and to dismiss the action, saying it "voluntarily elects to halt foreclosure proceedings." U.S. Bank did not notify Logan or the appellate court of this motion.

¶ 8    In April 2019, this court filed a Rule 23 order affirming the January 30, 2018, order in its entirety. See *US Bank Trust National Ass'n v. Cook*, 2019 IL App (3d) 180324-U. Our mandate issued in October 2019.

¶ 9    On December 3, 2019, the circuit court granted U.S. Bank's motion for voluntary dismissal, vacating the January 30, 2018, foreclosure judgment.

¶ 10    In March 2020, U.S. Bank moved to vacate the voluntary dismissal order under section 2-1301 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1301 (West 2020)). The motion stated, "[O]n March 9, 2020, [U.S. Bank] advised counsel to proceed with the foreclosure as it fully intends to proceed with its Complaint to Foreclose Mortgage." The court denied the motion,

finding it had lost jurisdiction 30 days after the entry of the dismissal order.[1] U.S. Bank then filed a section 2-1401 petition to vacate the dismissal order. *Id.* § 2-1401. It argued counsel had filed the motion for voluntary dismissal inadvertently and without authorization. U.S. Bank noted counsel never scheduled the motion for presentment, and the motion "appears to have been granted off-call."

¶ 11     On May 17, 2022, the court granted the section 2-1401 petition, thereby reinstating the January 2018 foreclosure judgment. In September 2022, the court denied Logan's motion for reconsideration.

¶ 12     On April 13, 2023, GJR Investments, LLC, purchased the subject property at auction for $269,000. In October 2023, the court entered an order approving the sale, an eviction order, and a personal deficiency judgment against Logan for $156,360.24. The deficiency judgment included postjudgment interest calculated from January 20, 2018, to April 13, 2023, in the amount of $135,170.82. Logan moved to vacate the order approving the sale, and the court denied her motion.

¶ 13     In January 2024, Logan filed her notice of appeal, requesting the reversal of several circuit court orders, including the eviction order, grant of the section 2-1401 petition, approval of the foreclosure sale, and personal deficiency judgment. U.S. Bank moved to dismiss Logan's appeal as moot under Illinois Supreme Court Rule 305(k) (eff. July 1, 2017). We ordered the motion taken with the case.

¶ 14                                    II. ANALYSIS

¶ 15     Citing the doctrine of unclean hands, Logan's primary contention on appeal centers on U.S. Bank's "course of inequitable conduct" throughout the litigation. This conduct, she argues,

---

[1]The court denied the motion in September 2021, after several pandemic-related continuances.

warrants reversing every order entered in favor of U.S. Bank and against Logan. Alternatively, she argues the circuit court erred in calculating the personal deficiency judgment. As detailed below, we have jurisdiction to review only one of the orders challenged by Logan—the personal deficiency judgment. Because we find the circuit court's award of postjudgment interest excessive, we remand the matter for a recalculation.

¶ 16                              A. U.S. Bank's Section 2-1401 Petition

¶ 17           In her notice of appeal, Logan seeks review of the May 2022 order granting U.S. Bank's section 2-1401 petition and the September 2022 order denying her motion for reconsideration. She argues that U.S. Bank's motion to voluntarily dismiss the foreclosure action was not an inadvertent and unauthorized filing as U.S. Bank claimed, but a calculated "submarine motion" filed as insurance against a potential adverse ruling by this court in the parties' prior appeal. We lack jurisdiction to consider Logan's challenge to the May and September 2022 orders. Supreme Court Rule 304(b) lists court orders that are appealable without a special finding, including "[a] judgment or order granting or denying any of the relief prayed in a petition under section 2-1401 of the Code of Civil Procedure." Ill. S. Ct. R. 304(b)(3) (eff. Mar. 8, 2016). A party seeking to appeal such an order must do so no later than 30 days after the order's entry. Ill. S. Ct. R. 303 (eff. July 1, 2017); R. 304 (eff. Mar. 8, 2016). An appeal under Rule 304(b)(3) is not elective; any claim of error is lost if not appealed immediately in accordance with the rule. *Washington Mutual Bank, F.A. v. Archer Bank*, 385 Ill. App. 3d 427, 430 (2008).

¶ 18           Here, the court conclusively adjudicated U.S. Bank's section 2-1401 petition in September 2022, yet Logan did not file a notice of appeal until January 2024, well past the 30-day appeal window. Accordingly, we lack jurisdiction to review the circuit court's grant of the section 2-1401 petition.

5

¶ 19                                    B. Mootness

¶ 20          In the motion taken with the case, U.S. Bank argues the appeal should be dismissed as moot because Logan failed to secure a stay of the judgment approving the sale of the subject property to GJR Investments, LLC, as required under Rule 305(k). "[T]he failure to obtain a stay pending appeal, by itself, does not render an appeal moot." *Wilmington Savings Fund Society, FSB as Trustee of Brougham Fund I Trust v. Herzog*, 2024 IL App (1st) 221467, ¶ 36. Rather, an appeal is moot if the reviewing court cannot grant the appellant effectual relief. *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 522 (2001). U.S. Bank's mootness argument is rooted in Rule 305(k), which protects third-party buyers from reversal or modification of a judgment through which they acquired certain property rights. *Steinbrecher*, 197 Ill. 2d at 523. Rule 305(k) provides:

> "If a stay is not perfected within the time for filing the notice of appeal, or within any extension of time granted under subparagraph (c) of this rule, the reversal or modification of the judgment does not affect the right, title, or interest of any person who is not a party to the action in or to any real or personal property that is acquired after the judgment becomes final and before the judgment is stayed; nor shall the reversal or modification affect any right of any person who is not a party to the action under or by virtue of any certificate of sale issued pursuant to a sale based on the judgment and before the judgment is stayed. This paragraph applies even if the appellant is a minor or a person under legal disability or under duress at the time the judgment becomes final." Ill. S. Ct. R. 305(k) (eff. Jul. 1, 2017).

Rule 305(k)'s protection is triggered if "(1) the property passed pursuant to a final judgment; (2) the right, title and interest of the property passed to a person or entity who is not part of the

proceeding; and (3) the litigating party failed to perfect stay of judgment within the time allowed for filing a notice of appeal." *Steinbrecher*, 197 Ill. 2d at 523-24.

¶ 21 Here, all three conditions are met. The subject property passed pursuant to a final judgment, to an entity with no part in the foreclosure action, and Logan failed to perfect a stay of judgment within the time for filing a notice of appeal. Logan does not dispute these facts. Instead, she argues Rule 305(k) is unconstitutional because it infringes on her constitutional right to seek appellate review. She points to the supreme court's pronouncement in *Jack Spring v. Little*:

> "Section 7 of article VI of the constitution of Illinois (1870), S.H.A. and section 6, article VI of the constitution of Illinois (1970) provide for an appeal, as a matter of right, from all final judgments of the circuit court. Having created the right of appeal, the statutes adopted and the rules promulgated *in implementation of that right* may not serve to discriminate against appellants by reason of the inability to furnish an appeal bond." (Emphasis added.) 50 Ill. 2d 351, 355 (1972).

Relying on *Little*, Logan argues Rule 305(k) deprives her of the constitutional right to an appeal. Logan neglects to mention, however, that Rule 305(k) was not "promulgated in implementation of that right"—*i.e.*, the right to appeal. See *id.* Rule 305(k) was promulgated for the protection of property interests conveyed to third-party buyers pursuant to a court judgment. *Steinbrecher*, 197 Ill. 2d at 523. That protection is separate from, and independent of, the constitutional right to appeal. See *Little*, 50 Ill. 2d at 356 (the right to appeal and the right to stay the enforcement of a judgment are separate, independent rights). Contrary to Logan's contention, Rule 305(k) does not deprive Logan of her right to appeal. A litigant unable to perfect a stay of judgment within the time for filing a notice of appeal may still appeal; however, Rule 305(k) prevents any judgment reversal or modification from adversely affecting a third-party buyer's right to property acquired pursuant

7

to the original judgment. In short, Logan's contention does not present an issue of constitutional magnitude.

¶ 22    To the extent Logan argues Rule 305(k) is unconstitutional because mootness considerations would render her appeal futile and thereby infringe on her right to appeal,[2] we observe that the right to an appeal does not include the right to an advisory opinion. *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10 ("As a general rule, courts of review in Illinois do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided." (Internal quotation marks omitted.)). Illinois common law does not mandate appellate review divorced from mootness considerations. *In re Alfred H.H.*, 233 Ill. 2d 345, 355 (2009). Absent an established exception, we may not review moot issues. *In re Rob W.*, 2021 IL App (1st) 200149, ¶ 50. Accordingly, we find no constitutional basis for striking down Rule 305(k).

¶ 23    Logan also argues her appeal is not moot insofar as it seeks a reduction of the personal deficiency judgment entered against her. We agree. Rule 305(k)'s protections are limited to third-party property interests. *Wilmington Savings Fund Society, FSB as Trustee of Brougham Fund I Trust v. Herzog*, 2024 IL App (1st) 221467, ¶ 37 (Rule 305(k) prevents reviewing court from providing relief that would affect the disposition of the subject property). The modification or reversal of a personal deficiency judgment does not affect a third-party buyer's property interests. It affects only the mortgagor and mortgagee. Thus, while this appeal is moot as it relates to any issue that could affect GJR Investments, LLC's interest in the foreclosed property, it is not moot as it relates to the deficiency judgment entered against Logan.

---

[2]Logan does not frame her argument in this manner. However, because her argument is in response to U.S. Bank's mootness argument, we assume her argument is premised on the possibility of a mootness finding.

¶ 24 In her reply brief, Logan argues no part of her appeal is moot and asks the court to enter a restitution judgment in her favor and against "GJR Investors [*sic*], LLC." Citing *Herzog*, Logan appears to argue that a restitution judgment in her favor would not affect the possessory rights of the third-party buyer. See *Herzog*, 2024 IL App (1st) 221467, ¶ 41 (appeal was not moot where mortgagor could seek restitution in lieu of transferred property). The third-party buyer, GJR Investments, LLC, is not a party to this appeal, and Logan does not mention restitution in her response to U.S. Bank's motion to dismiss or in her opening brief to this court. Nevertheless, restitution is a viable remedy only "on the reversal of a foreclosure judgment." *Herzog*, 2024 IL App (1st) 221467, ¶ 40. Logan does not appeal the foreclosure judgment or the summary judgment entered in January 2018—nor can she, as both were affirmed by this court in *Cook*, 2019 IL App (3d) 180324-U. Thus, the January 2018 judgments would remain in full force and effect even if we were to reverse the more recent orders under appeal. In other words, restitution in lieu of transferred property is not a viable remedy. Because any reversal would adversely affect GJR Investments, LLC's interest in the foreclosed property, our review is limited to the deficiency judgment.

¶ 25                                   C. Personal Deficiency Judgment

¶ 26 In October 2023, the circuit court entered a $156,360.24 personal deficiency judgment against Logan. This sum included postjudgment interest totaling $135,170.82 calculated from January 30, 2018, the date of the foreclosure judgment, to April 13, 2023, the date of the sale. Logan asks this court to reduce the deficiency judgment by disallowing interest accrual (1) before October 3, 2023, the date of the order confirming the sale or, at the very least, (2) before May 17, 2022, the date the circuit court reinstated the foreclosure judgment by granting the section 2-1401 petition.

9

¶ 27    As to the former, Logan argues we should adopt the dissent's position in *CitiMortgage, Inc. v. Sharlow*, 2014 IL App (3d) 130107. In *Sharlow*, the foreclosure judgment listed a total debt of $208,189.93, and the mortgagee purchased the property at a sheriff's sale for $219,624.17. *Id.* ¶¶ 3, 4. The trial court confirmed the sale, finding the sale proceeds satisfied the debt, leaving no surplus or deficiency. *Id.* ¶ 5. The mortgagor later sought a modification of the confirmation order to reflect a surplus of over $10,000. *Id.* ¶ 6. In response, the mortgagee argued the unallocated discrepancy was attributable to postjudgment interest and additional fees, costs, and advances to which it was entitled. *Id.* ¶ 7. The trial court denied the mortgagor's request, and we affirmed. *Id.* ¶ 1.

¶ 28    The majority held the mortgagee "was entitled to collect postjudgment interest from the date of the foreclosure judgment until the date of the sale." *Id.* ¶ 20. It noted that while foreclosure judgments are generally not final, the foreclosure judgment contained Rule 304(a) language, rendering the judgment final and appealable. *Id.* Justice O'Brien dissented, stating that "[o]nly after the sheriff's sale can it be determined whether the debt will be satisfied or whether there is some portion that remains due and owing to the mortgagee to which postjudgment interest can be applied." *Id.* ¶ 29 (O'Brien, M., dissenting). Justice O'Brien went on to state,

> "In cases where the proceeds from the sheriff's sale of the mortgaged property do not satisfy the debt owed to the mortgagee, it is entirely appropriate to calculate postjudgment interest commencing with the date of the entry of the judgment of foreclosure. *** If, however, the sale of the mortgaged property fully satisfies the debt, the judgment is likewise satisfied and it is inappropriate to invoke the provisions of the postjudgment interest act. That is what happened here." *Id.* ¶ 30.

¶ 29 Even if this court were to adopt the dissent's position, it does not support Logan's request to disallow postjudgment interest before October 3, 2023. Unlike in *Sharlow*, where the sale proceeds fully satisfied the debt specified in the foreclosure judgment, the sale proceeds here— $269,000—fell short of the $288,658.36 debt set forth in the January 2018 foreclosure judgment. Consistent with the dissent's position in *Sharlow*, "it is entirely appropriate to calculate postjudgment interest commencing with the date of the entry of the judgment of foreclosure." *Id.* Postjudgment interest began to accrue, therefore, on January 30, 2018, the date of the foreclosure judgment.

¶ 30 Alternatively, Logan urges us to account for U.S. Bank's voluntary dismissal by disallowing any postjudgment interest before May 17, 2022, the date of the action's reinstatement. U.S. Bank, in turn, maintains that postjudgment interest accrued uninterrupted from the entry of the January 30, 2018, foreclosure judgment. In calculating postjudgment interest, U.S. Bank urges us to disregard the voluntary dismissal because it was properly vacated under section 2-1401 of the Code.

¶ 31 Initially, we reject Logan's position that no postjudgment interest accrued before May 17, 2022. We have already determined that postjudgment interest began to accrue on January 30, 2018, the date of the foreclosure judgment. See *Sharlow*, 2014 IL App (3d) 130107, ¶ 20; 735 ILCS 5/2-1303(a) (West 2022) ("[J]udgments recovered in any court shall draw interest at the rate of 9% per annum *from the date of the judgment* until satisfied[.]" (Emphasis added.)).

¶ 32 Given this case's unique procedural history, we also reject U.S. Bank's position that postjudgment interest accrued uninterrupted from the entry of the January 30, 2018, foreclosure judgment. The December 3, 2019, voluntary dismissal order vacated the foreclosure judgment. Postjudgment interest cannot accrue in the absence of a judgment. See 735 ILCS 5/2-1303(a)

11

(West 2022). Nevertheless, U.S. Bank argues the vacatur of the voluntary dismissal order rendered the order void and operated as though the voluntary dismissal had never been entered. *Kelch v. Watson*, 237 Ill. App. 3d. 875, 877 (1992). Relying on *Kelch*, U.S. Bank maintains that interest continued to accrue between the date of the voluntary dismissal and the action's eventual reinstatement.

¶ 33 *Kelch* does not support U.S. Bank's position. In *Kelch*—a case that did not involve interest accrual—we stated that the vacatur of an allegedly inadvertent voluntary dismissal "operated as if the voluntary dismissal had never been entered." *Id.* This statement, however, formed the latter half of a sentence in which we explained that the substantive effect of a vacatur was "to restore the parties to their *original status* in the case." (Emphasis added.) *Id.* Restoring the parties to their original status entails restoring the parties to their status *before* the vacated order's entry. Indeed, we went on to state that vacating a dismissal "returned the parties to the status they held *prior to* entry of the dismissal order." (Emphasis added.) *Id.* at 878; see *George W. Kennedy Construction, Co. v. Industrial Comm'n*, 152 Ill. App. 3d 114, 120 (1987) ("The vacation of the decree places the parties in the status in which they were *before* the divorce." (Emphasis added.)). When the circuit court reinstated the foreclosure judgment, the parties were restored to their status *before* the December 3, 2019, dismissal, thereby resuming interest accrual and reinstating postjudgment interest as of December 2, 2019.

¶ 34 U.S. Bank's position is flawed for another reason: interest simply preserves a judgment's economic value from diminution caused by delay. *Illinois State Toll Highway Authority v. Heritage Standard Bank & Trust Co.*, 157 Ill. 2d 282, 301 (1993). Here, no delay in repayment was occasioned between December 3, 2019, and May 17, 2022, as the foreclosure judgment was

12

inoperative during this time. Absent a delay, interest accrual is unwarranted. The circuit court thus erred by awarding postjudgment interest between December 3, 2019, and May 17, 2022.

¶ 35 Finally, Logan argues interest accrues on the difference between the indebtedness in the foreclosure judgment ($288,658.36) and the winning bid at the judicial sale ($269,000)—namely, $19,658.36. Logan raises this contention for the first time on appeal. "Issues not raised in the trial court generally are forfeited and may not be raised for the first time on appeal." *Concord Air, Inc. v. Malarz*, 2015 IL App (2d) 140639, ¶ 24. Forfeiture notwithstanding, this contention lacks merit. Interest accrual began on January 30, 2018, the date of the foreclosure judgment. The judicial sale was not held until April 13, 2023. Under section 2-1303 of the Code, the *total* amount of indebtedness ($288,658.36) accrued interest at the statutory 9% rate from January 30, 2018—for as long as the foreclosure judgment was in effect—until the debt was partially satisfied at the April 13, 2023, judicial sale. 735 ILCS 5/2-1303(a) (West 2022) ("[J]udgments recovered in any court shall draw interest at the rate of 9% per annum from the date of the judgment until satisfied."). Logan seemingly asks that we ignore this fact and backdate the judicial sale, for purposes of interest accrual, to the date of the foreclosure judgment. This we will not do. Only after the sale proceeds are applied to the debt does the *per diem* interest amount decrease in proportion to the debt reduction. See *id.* ("Interest shall be computed and charged only on the unsatisfied portion of the judgment as it exists from time to time.").

¶ 36 Accordingly, we vacate the deficiency judgment and remand for a recalculation that excludes postjudgment interest from December 3, 2019, through May 16, 2022.

¶ 37                                      D. Prior Appellate Order

¶ 38 Before concluding, we briefly address Logan's contention that our prior Rule 23 order, *Cook*, 2019 IL App (3d) 180324-U, is void. Logan explains that we lost jurisdiction over that

13

appeal (No. 3-18-0324) by virtue of U.S. Bank's filing of its voluntary dismissal motion on March 27, 2019. She asks, therefore, that we vacate and hold for naught the Rule 23 order, which was filed one week after U.S. Bank filed its dismissal motion in the circuit court. Logan does not provide authority for the proposition that filing a voluntary dismissal motion in the circuit court divests the appellate court of jurisdiction over a pending appeal. We reject Logan's contention. The mere filing of a motion—in the circuit court no less—does not divest the appellate court of jurisdiction, let alone warrant vacating an appellate mandate. On the contrary, "[o]nce the notice of appeal is filed, the appellate court's jurisdiction attaches instanter, and the cause of action is beyond the jurisdiction of the circuit court." *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 173 (2011).

¶ 39                                   III. CONCLUSION

¶ 40        For the reasons stated above, we vacate the $156,360.24 personal deficiency judgment against Logan and remand to the circuit court of Will County for a recalculation consistent with this order. We dismiss Logan's appeal in all other respects.

¶ 41        Appeal dismissed in part; judgment vacated in part; cause remanded with directions.